# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

ALLAN DIMARCO,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

No. C06-3026-LRR
No. CR03-3042-LRR

ORDER

---

This matter appears before the court on Allan DiMarco's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). Allan DiMarco ("the movant") filed his 28 U.S.C. § 2255 motion on May 1, 2006. On May 23, 2006, the court directed the government to respond to the movant's claims. On July 17, 2006, the government complied with the court's order by filing a resistance (docket no. 3). On August 21, 2006, the movant filed a motion to traverse the government's resistance, which essentially is a reply (docket no. 4). The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255.

Given the record, the court concludes that an evidentiary hearing is not necessary. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255). In addition, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law in the Eighth Circuit as applied to the facts in the movant's case. Specifically, the government correctly concluded that no violation of the movant's constitutional right to effective assistance of counsel occurred, *see Strickland v. Washington*, 466 U.S. 668, 689-95, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984), and the movant's claims are procedurally defaulted, *see McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). When the movant filed his 28 U.S.C. § 2255 motion, he asserted three claims: (1) prior state court civil forfeiture proceedings[1] required the court to dismiss the indictment under the doctrine of res judicata; (2) the court wrongfully determined that he qualified as a career offender when it relied on two prior felony drug convictions; and (3) counsel provided ineffective assistance when he failed to assert an argument based on the doctrine of res judicata and did not investigate the two prior felony drug convictions. In light of the government's resistance, the movant clarified that he believed res judicata principles, not the Double Jeopardy Clause, barred his subsequent conviction; he indirectly contends that the Supreme Court's decision with respect to the Double Jeopardy Clause in *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996) (holding in rem civil forfeitures are neither punishment nor criminal for purposes of the Double

---

[1] Presumably, the movant is referring to: (1) *In re Property Seized for Forfeiture from Dimarco*, SPCV060745 (Cerro Gordo County Dist. Ct. 2003); (2) *In re Property Seized for Forfeiture from Dimarco*, SPCV059315 (Cerro Gordo County Dist. Ct. 2001); and/or (3) *In re Property Seized for Forfeiture from Dimarco*, SPCV058024 (Cerro Gordo County Dist. Ct. 1999). Iowa state court criminal and civil records may be accessed at the following address: http://www.judicial.state.ia.us/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

Jeopardy Clause), does not foreclose an alternative argument that his conviction is barred by the doctrine of res judicata. The movant's arguments with respect to the doctrine of res judicata and the career offender determination made during the sentencing hearing are unavailing. And, because the movant's res judicata and career offender arguments are without merit, it necessarily follows that the movant is unable to prevail under *Strickland*, 466 U.S. at 689-95.

      Concerning the doctrine of res judicata, the movant basically argues that the State of Iowa's prior litigation of civil forfeiture actions involved proving that he committed the same crimes of which he was convicted, and the government is barred from relitigating in his criminal prosecution the same issues previously decided in the civil litigation. As a preliminary matter, the court notes that the indictment did not contain a forfeiture count. *Cf. United States v. Maull*, 855 F.2d 514, 516-17 (8th Cir. 1988) (examining relationship between 21 U.S.C. § 881 and 21 U.S.C. § 853 and rejecting argument that the doctrine of res judicata applied). With regard to the merits of the movant's contention, the court concludes that the doctrine of res judicata does not bar the movant's subsequent criminal convictions because the State of Iowa, not the government, took part in the civil forfeiture actions, and the underlying case, as opposed to the in rem civil actions, is an in personam criminal case. *United States v. Brekke*, 97 F.3d 1043, 1047 (8th Cir. 1996) (discussing requirements, including that the same cause of action and the same parties or their privies be involved in both cases, that must be met when relying on the doctrine of res judicata); *see also Rutherford v. Kessel*, No. 08-2264, \_\_\_ F.3d \_\_\_, \_\_\_ (8th Cir. March 30, 2009) (same). Moreover, the contention based on res judicata principles is easily dismissed because "[i]t is well established that the government may have both a civil and a criminal cause of action as a result of a single factual situation." *Brekke*, 97 F.3d at 1047-48 (collecting cases); *see also Morse v. Comm'r*, 419 F.3d 829, 834 (8th Cir. 2005) (concluding res judicata inapplicable because a criminal prosecution for filing false income tax returns and a civil tax deficiency action are distinct causes of action); *United States v.*

*Cunan*, 156 F.3d 110, 114-15 (1st Cir. 1998) (making clear that it is well settled that a criminal prosecution pursued through an indictment is a different and distinct cause of action from a civil claim); *United States v. Barnette*, 10 F.3d 1553, 1561 (11th Cir. 1994) (rejecting res judicata defense); *United States v. Parcels of Real Property with Bldg., etc.*, 913 F.2d 1, 4 (1st Cir. 1990) (concluding civil forfeiture proceedings are independent of related criminal proceedings).

Regarding the court's career offender determination, the government correctly points out that, generally speaking, a defendant may not collaterally attack prior convictions used for sentencing enhancements. *See United States v. McElrath*, 133 F. App'x 338, 341 (8th Cir. 2005); *Moore v. United States*, 178 F.3d 994, 997 (8th Cir. 1999). Although there is a limited exception, it does not apply here because the movant never asserted that his prior convictions were obtained in violation of his right to counsel and an assertion of ineffective assistance of counsel is insufficient. *See United States v. Sanders*, 377 F.3d 845, 848 (8th Cir. 2004); *Moore*, 178 F.3d at 997. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues

must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:
1) The movant's 28 U.S.C. § 2255 motion is denied.
2) A certificate of appealability is denied.

3) The clerk's office is directed to satisfy the movant's motion to traverse the government's resistance.

**DATED** this 31st day of March, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA